**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAWN ARCHIE, SR., <br><br> Plaintiff, <br><br> v. <br><br> ERIN NARDELLI, et al., <br><br> Defendants. | Civil Action No. 21-9723 (KMW) (SAK) <br><br> **OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis*. (ECF No. 5.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application will be granted. Because Plaintiff will be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice.

### I. BACKGROUND

Plaintiff is a convicted state prisoner housed in Southern State Correctional Facility. (ECF No. 1 at 4-6.) In his complaint, he seeks to raise claims against Erin Nardelli, the prison administrator, and Dr. Pomerante, the head of the prison's medical staff, for issues he experienced

in relation to the prison's COVID-19 protocols. Specifically, Plaintiff suggests that medical staff have tested him more frequently than is warranted, and in less than ideal conditions – such as just after he finished eating – and that these and other testing protocols have led to his being placed in isolation or quarantine more frequently than he believes was warranted. (*Id.* at 4-6; ECF No. 1-2 at 1-4.) By his own admission, however, his repeated placement in quarantine and isolation were the direct result of COVID tests indicating he was positive for the virus or providing an indeterminate result, and that he was released from quarantine or isolation in each instance after a negative test or the requisite period of quarantine occurred. (*Id.*)

## II. LEGAL STANDARD

Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.   DISCUSSION

In this matter, Plaintiff seeks to raise a claim pursuant to 42 U.S.C. § 1983 against two supervisory officials at Southern State Prison, administrator Erin Nardelli and Dr. Jeffrey Pomerante, both based on the prison's protocols which he believes led to his frequent placement in quarantine or isolation, and based on their alleged failure to supervise their subordinates in carrying out the COVID-19 protocols. As to Plaintiff's claims premised on the failure to supervise subordinates, the Court notes that a § 1983 defendant, including supervisory officials, may only be held liable where he had personal involvement in the alleged constitutional violations. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). A supervisor or employer may not be held

3

vicarious liable for the actions of his subordinates. *See, e.g., Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). Where the allegations are targeted at supervisory officials, a plaintiff seeking to show personal involvement must normally plead facts indicating that the supervisor put into place a policy, custom, or practice which caused the constitutional violation alleged. *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). A formally enacted policy, practice, or custom must therefore be the "moving force" behind the alleged constitutional violation to hold the municipality or corporate contractor liable. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *see also Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 35-36 (2010). As all of Plaintiff's claims premised on the administrator or doctor's failure to oversee or supervise their subordinates are based on an improper respondeat superior theory of liability, those claims are dismissed without prejudice.

In his remaining claims, Plaintiff seeks to raise claims against the doctor and administrator for the COVID-19 protocols they put into place which he believes have improperly led to his frequent placement in quarantine. In *Hope v. Warden York County Prison*, 972 F.3d 310 (3d Cir. 2020), the Third Circuit held that in evaluating a jail or prison's COVID-19 protocols, courts "must acknowledge that practical considerations of detention justify limitations on many privileges and rights," and "ordinarily defer" to the expertise of prison officials in responding to COVID-19 unless there is "substantial evidence in the record that the officials have exaggerated their response" to the situation. *Id.* Where a government entity has a strong interest in detaining the plaintiff – which is undoubtedly the case for a convicted criminal – the Third Circuit rejected the assertion that detention during the COVID-19 pandemic would be unconstitutional where the facility in which the plaintiff is housed had taken concrete steps aimed at mitigating the threat posed to detainees, notwithstanding serious pre-existing health conditions which may render those

4

detainees more likely to suffer serious complications should they contract the virus or the fact that some detainees may still contract COVID-19 even in the best of circumstances. *Id.* at 327-31.

Here, Plaintiff admits that the facility has taken concrete steps at mitigating the threat of COVID-19 – including frequent testing and the quarantining of those who test positive, inconclusive, or who were in direct contact with positive cases. Plaintiff has thus directly pled that the prison has taken steps towards addressing the COVID-19 threat, and that his alleged harm – frequent isolation – stems directly from that response and his own positive COVID-19 tests. Given that Plaintiff has pled that his isolation and quarantine directly stem from measures designed to address the threat of COVID-19 and Plaintiff has failed to identify any facts suggesting that either named Defendant was deliberately indifferent to his conditions of confinement or medical needs, Plaintiff's complaint fails to state a plausible claim for relief based on the prisons' application of COVID-19 protocols. *Id.* Plaintiff's claims against Defendants are therefore dismissed without prejudice for failure to state a claim for which relief may be granted.

## IV. <u>CONCLUSION</u>

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 5) shall be **GRANTED**, and Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge